IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE JERRY DON ARTHO, | § § | |
| Debtor. | § § | |
| JERRY ARTHO, | § § § | Civil Action No. 2:19-CV-002-D (Bank. Ct. No. 15-20046-RLJ12; Adv. No. 17-02002-RLJ) |
| Appellant | § § | |
| VS. | § § | |
| UNKNOWN, | § § § | |
| Appellee. | § | |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

*Pro se* appellant Jerry Artho ("Artho") has made several filings in this case that do not comply with the Federal Rules of Bankruptcy Procedure. The court will not consider any filings that do not comply with these rules.

This is an appeal from a decision of the United States Bankruptcy Court. This court cannot determine at this time what judgment, order, or decree is being appealed because the notice of appeal, rather than "[d]escribe the judgment, order, or decree appealed from," as the form and Fed. R. Bankr. P. 8003(a)(3) require, states: "Ignored Evidence Accountability Retribution sought." ECF 1-1 p. 3. This appeal is to be decided based on the record on appeal and any supplemental record prepared in the bankruptcy court. *See* Fed. R. Bankr. P. 8009(a) and (e)(2). The filings that Artho has made directly with this court are not part of a properly-prepared record on appeal or supplemental record. Therefore, as stated above, the court will not consider these filings.

It appears from the record that Artho has already failed to timely designate the items to be

included in the record on appeal and to file a statement of the issues to be presented. Fed. R. Bankr. P. 8009(a)(1) provides that "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." And Rule 8009(a)(1)(B) provides that "[t]he appellant must file and serve the designation and statement within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered." This appeal will be subject to dismissal if Artho does not promptly comply with this requirement. The appeal process cannot continue if there is no record on appeal to be the basis for briefing and deciding the appeal.

    **SO ORDERED**.

    February 1, 2019.

<br>

                                          SIDNEY A. FITZWATER
                                          SENIOR JUDGE