IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE JERRY DON ARTHO, | § § | |
| Debtor. | § § | |
| JERRY ARTHO, | § § | Civil Action No. 2:19-CV-002-D (Bank. Ct. No. 15-20046-RLJ12; |
| Appellant | § § | Adv. No. 17-02002-RLJ) |
| VS. | § § | |
| UNKNOWN, | § § | |
| Appellee. | § | |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

On February 28, 2019 the court dismissed this appeal because appellant Jerry Artho ("Artho") failed to file with the clerk of this court verification that he had filed with the bankruptcy clerk and served on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. The order gave Artho the opportunity to move for reinstatement of the appeal, provided the motion to reinstate was accompanied by the required verification that Artho had filed with the bankruptcy clerk and served on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented, or the motion set out good cause for not yet having done so and provided a date by which Artho would comply with this requirement if the appeal were reinstated.

Although Artho has made several filings since February 28, 2019—many have no apparent relationship to a pleading or paper permitted or required under the Federal Rules of Bankruptcy Procedure—he has not filed a motion to reinstate this appeal that complies with the court's February

28, 2019 order. Despite this failure, the court, in its discretion, will provide Artho with one final opportunity to comply with the first option permitted under the order: that is, that he file with the clerk of this court a motion to reinstate the appeal that is accompanied by the required verification that he has filed with the bankruptcy clerk and served on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. *See* Fed. R. Bankr. P. 8009(a)(1).

Briefing on the merits of an appeal under the Federal Rules of Bankruptcy Procedure cannot commence until the appellant has complied with the most basic requirement that he file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Once the appellee sees what the appellant has designated and what the appellant believes are the issues on appeal, the appellee can in turn designate additional items to be included in the record. *See* Fed. R. Bankr. P. 8009(a)(2). It is the record on appeal that forms the basis for consideration of the merits of appeal. And that record cannot be prepared without the parties' designations.

But in this case, Artho has not clearly designated the items to be included in the record—in fact, he appears to rely on items that are *not* part of the bankruptcy case and therefore not properly considered on appeal. And it is not even clear who the appellee is (or appellees are) because the notice of appeal itself is defective.

Accordingly, no later than April 11, 2019 Artho must move for reinstatement of this appeal and must include with his motion satisfactory verification that he has filed with the bankruptcy clerk and served on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. He must not include extraneous materials—like the ones

he has been filing in this appeal—that interfere with the court's ability to determine whether he has complied with this order. If he fails to comply with this order, the dismissal order filed on February 28, 2019 will stand as entered.

**SO ORDERED**.

March 28, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE